# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

KIM-MARIE WARD,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM GROUP CORP.,

    Defendants.

Civil Action No. 2:23-cv-00023

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

COMES NOW, Plaintiff, Kim-Marie Ward, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability ("LTD") benefits due under an employee benefits plan, and for Defendants' other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq., and the subject Employee Welfare Benefit Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Wisconsin pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. Plaintiff, Kim-Marie Ward, (hereinafter "Plaintiff"), was at all relevant times, and is currently a resident of Milwaukee County, Wisconsin.

5. Defendant Unum Life Insurance Company of America ("Unum Life") is the underwriter of group LTD insurance policy number 602773, issued to Plaintiff's former employer, Wisconsin Heart Hospital, and is the party obligated to pay benefits and to determine eligibility for LTD benefits under the Plan.

6. Unum Life is an insurance company authorized to transact the business of insurance in this state, and may be served with process through its registered agent for service of process, Corporation Service Company, 8040 Excelsior Dr., Suite 400, Madison, WI 53717.

7. Defendant Unum Group Corporation ("Unum Group") is the parent company of Defendant Unum Life.

8. Defendant Unum Group exercises significant control over the policies and actions of Defendant Unum Life.

9. Defendant Unum Group is the employer of all persons who acted on behalf of Unum Life.

10. Defendant Unum Group may be served with process by and through its registered agent for service, Corporation Service Company, 8040 Excelsior Dr., Suite 400, Madison, WI 53717.

## FACTS

11. Plaintiff was employed by Wheaton Franciscan Healthcare as an Anesthesia Technician.

12. Wheaton Franciscan Healthcare maintained an LTD benefits plan ("the Plan") for the benefit of its employees.

13. LTD benefits under the Plan were funded by Unum Life policy number 602773.

14. Plaintiff is a participant or beneficiary of the Plan and is covered by the Policy that provides LTD benefits under the Plan.

15. Plaintiff ceased work due to a disability, including knee pain and a meniscal tear on May 7, 2016, while covered under the Plan.

16. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

17. Plaintiff timely filed an application for LTD benefits under the Plan.

18. Defendants approved that application, and paid benefits until January 22, 2022.

19. Plaintiff eventually required a right knee replacement.

20. While recovering from her knee replacement, Plaintiff was diagnosed with breast cancer, and underwent a double mastectomy and other treatment.

21. As a result of her breast cancer treatment, Plaintiff required reconstructive surgery.

22. Plaintiff began the reconstructive surgery process, but was eventually hospitalized due to an infection.

23. Later, Plaintiff continued to suffer from other difficulties including chronic pain and trigeminal neuralgia.

24. Unum reviewed plaintiff's claim in late 2021, and forwarded a medical review from a file reviewing physician to her treating providers to comment on.

25. On January 2, 2022 Plaintiff's primary care physician, Dr. Rhyner, responded that Ms. Ward would not be capable of maintaining sedentary work requirements on a 40 hour a week basis.

26. He also noted that he would be more than happy to send her to a formal examination if Unum believed that would be helpful.

27. Unum did not request an independent medical exam, despite having the authority to do so under the policy, and despite Dr. Rhyner's suggestion.

28. As of January 22, 2022, Defendants denied Plaintiff's claim for ongoing LTD benefits, stating that she could perform alternative occupations including security aide, referral clerk, and routing clerk.

29. Unum relied on the opinion of a file reviewing physician, who acknowledged Ms. Ward's several conditions, but concluded that there were no clinical findings to support an inability to perform the duties of a sedentary occupation.

30. Plaintiff filed a timely appeal, which was denied by Defendants on May 24, 2022.

31. The May 24, 2022 letter confirmed the Plaintiff had exhausted her administrative remedies and had a right to bring a lawsuit under ERISA § 502(a) to challenge the denial of her benefits.

32. Plaintiff has exhausted her required administrative remedies with respect to the LTD claim.

33. The entities that made the decisions to deny benefits would pay any benefits due out of their own funds.

34. The entities that made the decisions to deny benefits were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

35. The entities that made the decisions to deny benefits allowed their concern over their own funds to influence their decision-making.

36. Unum's conflict of interest and bias is evident in the fact that it establishes monthly financial targets that encourage and incentivize its claims handlers to terminate a specified number of claims every month.

37. The monthly financial targets for denying claims are called "recovery plans," "recovery guidance," or words to that effect, and are provided by Unum's finance department to Unum's Assistant Vice Presidents and Directors who supervise and conduct claims handling.

38. The monthly targets, or "recovery plans," include the count of total claims that should be terminated according to Unum's finance department.

39. Internal documents reveal that financial targets and goals for claim closures are set at the unit level and that there are goals set for open claim recoveries (i.e., denying an open claim) per day. (See Exhibit A, Weekly Tracking Reports).

40. In order to receive bonuses under Unum's incentive program, Unum employees are evaluated against certain criteria, which include planned claim terminations, expected liability acceptance rates, and anticipated reopen rates. (see e.g., Exhibit B, ID Director Scorecards).

41. Plaintiff's counsel recently took the deposition of the Assistant Vice President, Marianne Justin, a Unum AVP. Ms. Justin confirmed that she received "financial guidance" each month. (See Exhibit C, selected excerpts from the Deposition of Marianne Justin, p. 47:23-51:6).

5

Case 2:23-cv-00023-LA    Filed 01/06/23    Page 5 of 9    Document 1

42. Ms. Justin also received a Weekly Tracking Report each Monday that contained new financial target numbers for her team. *Id.* at, 103:11-18. Ms. Justin explained that she shares the Weekly Tracking Reports with her team in weekly meetings on each Tuesday. *Id.* at, 80:13-82-21; 99:15-100:22.

43. Directors in AVP Justin's team are expected to be familiar with how the Weekly Tracking Reports are formatted, how they work, and what their data means for their team. *Id.* at, 103:11-105:9.

44. AVP Justin confirmed that whether Unum's AVPs meet the financial metrics is part of their performance evaluation. *Id.* at, 136:9-16.

45. Ms. Justin provided additional testimony and referred to additional documents that are relevant to Unum's conflict of interest, but that testimony and evidence is currently designated "confidential."

46. Defendants targeted Plaintiff's claim for termination in order to meet their financial goals.

47. Defendants' targeting of Plaintiff's claim for denial taints all evidence it developed during the review of her claim as the review was designed to reach the result of a denial, not an impartial weighing of the evidence.

48. Defendants have acted under a policy to take advantage of the potential applicability of ERISA to claims.

49. The Defendants' decision-making process violated ERISA by failing to give the Plaintiff a full and fair review of the claim.

50. The Defendants' decision-making process violated the terms of the applicable ERISA Plans and ERISA law and regulations.

51. The Defendants' decision to deny benefits was wrong under the terms of the Plan and under ERISA, and was arbitrary and capricious.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST THE DEFENDANT
## PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the prior paragraphs as if fully stated herein and says further that:

52. Under the terms of the Plan, Defendants agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

53. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

54. Defendants failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

55. The decisions to terminate benefits were wrong under the terms of the Plan.

56. The decisions to terminate benefits and decision-making processes were arbitrary and capricious.

57. The decisions to deny benefits were not supported by substantial evidence in the record.

58. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

59. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action**:

1. A finding in favor of Plaintiff against Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and post-judgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5. An Order requiring Plan or appropriate Plan fiduciary to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to a finding that she is disabled under the Plan or under any other employee welfare benefit plan;

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Dated this 6th day of January, 2023.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: */s/Kaci Garrabrant*
Kaci Garrabrant (TN BPR #039026
414 McCallie Avenue
Chattanooga  TN  37402
(423) 634-2506
FAX:  (423) 634-2505